Joseph VINES

v.

**Edward HOWARD, Sr., Individually and in his official capacity as Hearing Examiner, et al.**

**Civ. A. No. 86–5225.**

United States District Court, E.D. Pennsylvania.

Jan. 28, 1987.

Joseph Vines, pro se.

No appearance for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Plaintiff has filed a civil rights complaint asserting causes of action under 42 U.S.C. §§ 1983, 1985 and 1986. Accompanying the complaint is a request to proceed *in forma pauperis.* Since it appears plaintiff is unable to prepay the cost of commencement of this suit, leave to proceed *in forma pauperis* will be granted.

Plaintiff names as defendants Hearing Examiner Howard, Sr.; Corrections Officers Judge, Howard, Jr., and Telipiski; and Captain Clark, all of whom are officials of the State Correctional Institution at Graterford. He states that defendant Howard, Jr. falsely accused him of a misconduct and that he was found guilty of the misconduct after a hearing before defendant Howard, Sr. Several months later plaintiff was charged with another misconduct while being escorted by defendant Telipiski to work assignment. Plaintiff was charged with this misconduct by defendant Clark who witnessed the incident. Plaintiff states that defendant Clark directed defendant Howard, Jr. to write the misconduct report, and then defendant Clark signed it. Plaintiff alleges that defendants' actions denied him his constitutional right to due process.

Plaintiff's citation of 42 U.S.C. § 1985 is inappropriate. Section 1985 has several subsections which cover numerous situations where defendants conspire to interfere with a plaintiff's civil rights. *U.S. ex rel. Hoss v. Cuyler,* 452 F.Supp. 256, 278–79 (E.D.Pa.1978). Only those cases that fit into the specific categories of § 1985 are actionable. *Brown v. Chaffee,* 612 F.2d 497, 502 (10th Cir.1979). Plaintiff does not specify under which subsection he

wishes to proceed, but analysis of his complaint reveals that it fits none of them. First, there is no allegation of interference with federal officials or proceedings as required by § 1985(1) and the first part of § 1985(2). Nor are there allegations of a conspiracy motivated by racial animus as required for a claim under the second part of § 1985(2) and § 1985(3). *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976). Finally, plaintiff fails to allege a conspiracy which is a necessary element for a claim under any of the subsections of § 1985. Therefore, plaintiff's claims under § 1985 will be dismissed.

Plaintiff's claims under § 1986 fare no better. Section 1986 creates a cause of action against persons who neglect to prevent a § 1985 conspiracy. Since plaintiff fails to allege facts supporting his claims under § 1985, his § 1986 claims necessarily fail. *Williams v. St. Joseph Hospital*, 629 F.2d 448, 452 (7th Cir.1980); *Brawer v. Horowitz, supra* at 841; *Lyon v. Temple University*, 507 F.Supp. 471, 479 (E.D.Pa. 1981). Consequently, plaintiff's claims under § 1986 will also be dismissed.

■ In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court set forth the requirements of due process in prison disciplinary proceedings. The inmate facing misconduct charges must be given written notice of the charges, a written statement by the factfinders as to the reasons for the disciplinary action, a hearing before an impartial tribunal, and a limited opportunity to call witnesses and present documentary evidence. *Id.* at 563–571, 94 S.Ct. at 2978–82.

Plaintiff alleges that defendant Howard, Sr. denied him the right to an impartial tribunal at his disciplinary hearings. Plaintiff bases this allegation with respect to the first disciplinary hearing on the fact that defendant Howard, Sr. is the father of defendant Howard, Jr., the corrections officer who charged plaintiff with the first misconduct. With respect to the second disciplinary hearing, plaintiff bases this allegation on the fact that defendant Howard, Sr. was

employed as a corrections officer for many years before assuming the duties of hearing examiner, and during that time he worked with defendant Clark, the officer who witnessed and approved the second misconduct.

■ The requirement of an impartial tribunal is satisfied so long as "those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge" do not sit on the inmate's misconduct hearing committee. *Meyers v. Alldredge*, 492 F.2d 296, 306 (3d Cir.1974). *See also Rhodes v. Robinson*, 612 F.2d 766, 773 (3d Cir.1979); *U.S. ex rel. Silverman v. Commonwealth of Pennsylvania*, 527 F.Supp. 742 (W.D.Pa.1981), *aff'd*, 707 F.2d 1397 (3d Cir.1983). The fact that defendant Howard, Sr. was a co-worker of the officer who charged plaintiff with the second misconduct is not, in and of itself, violative of plaintiff's right to due process. Plaintiff does not state that defendant was in any way personally involved in or connected to the circumstances giving rise to the misconduct charge. Consequently, no claim is stated with respect to the second misconduct hearing.

■ Plaintiff, however, may state a claim with respect to the first misconduct hearing. The fact that defendant Howard, Sr. is the father of the charging officer, defendant Howard, Jr., presents a potential, if not very real, conflict of interest which could taint the impartiality required in a misconduct hearing, and thereby violate plaintiff's right to due process. Although plaintiff does not allege that defendant Howard, Sr. was personally involved in the circumstances underlying the misconduct charge, the father-son relationship of the hearing examiner and the charging officer establishes a personal connection to those circumstances. While plaintiff's first misconduct hearing may have comported with the procedural requirements of the process, the hearing examiner's family tie to the charging officer creates the appearance of impropriety and

is not in harmony with the spirit of due process.

Recently, the situation described by plaintiff was considered by Judge Huyett in *Tate v. Howard*, No. 85–3390 (E.D.Pa. April 26, 1986) [Available on WESTLAW, DCT database] In that case, no constitutional violation was found. *Tate v. Howard*, however, is distinguishable from the instant complaint. First, *Tate v. Howard* was decided on a motion for summary judgment. The court, then, had before it defendant's answer and each party's brief regarding the motion and, hence, more information to examine before reaching its decision. Additionally, the plaintiff in *Tate v. Howard* pled not guilty to the misconduct charge, but failed to make any statement or present any defense at the hearing. *Id.* at 2. Here, it appears that plaintiff presented his version of events at the misconduct hearing. It also appears that the outcome of the hearing rested on whether defendant Howard, Sr. gave credence to plaintiff's explanation of the incident or to his son's description. Finally, the record of the hearing in *Tate v. Howard*, "amply demonstrated that there was sufficient evidence to support [the Hearing Examiner's] conclusions." *Id.* at 5. The posture of the instant complaint makes it impossible to make such an evaluation. Accordingly, plaintiff's claim against defendant Howard, Sr. with respect to the first misconduct hearing may proceed.

■ Plaintiff next states that defendant Howard, Jr. falsely accused him of a misconduct. An allegation that a corrections officer falsely charged an inmate with a misconduct fails to state a claim under § 1983 where the procedural due process protections set forth in *Wolff v. McDonnell, supra*, have been provided at the inmate's disciplinary hearing. *Hanrahan v. Lane*, 747 F.2d 1137 (7th Cir.1984). Conversely, where due process protections may not have been provided, as is the case with the misconduct charge filed by defendant Howard, Jr., such an allegation may state a claim under § 1983. Therefore, plaintiff's claim against defendant Howard, Jr. may proceed.

■ Plaintiff's claim against defendant Clark revolves around the fact that he witnessed and ordered that a misconduct charge be prepared, and then approved the misconduct charge as the captain on duty. The court fails to see how defendant Clark's actions in signing the misconduct report instead of another captain denied plaintiff any due process rights. Plaintiff received the basic due process requirements of *Wolff* with respect to this misconduct charge, and any other variations in procedure are not matters this court will consider.

■ As with defendant Clark, no claim is stated as against defendant Judge. Plaintiff alleges that defendant Judge violated his constitutional rights when, pursuant to defendant Clark's order, he prepared the misconduct report. Plaintiff fails again to show how this was so egregious as to violate his constitutional rights. The mere fact prison procedures may not have been followed exactly states no claim. *See Drayton v. Robinson*, 719 F.2d 1214 (3d Cir.1983). Plaintiff's claim against defendant Judge, then, will be dismissed.

■ Finally, plaintiff names defendant Telipiski because he was escorting plaintiff when defendant Clark encountered them. Plaintiff believes defendant Telipiski should have aided him somehow with the situation. The Constitution does not guarantee that guards will help inmates with misconducts. Therefore, plaintiff's claim against this defendant will be dismissed.

Accordingly, for the reasons set forth above, plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). Plaintiff's claims under 42 U.S.C. § 1983 against defendants Clark, Judge and Telipiski, and his claim under 42 U.S.C. § 1983 against defendant Howard, Sr. relating to the second misconduct will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). Plaintiff's claims pursuant to 42 U.S.C. § 1983 against defendant Howard, Jr. and defendant Howard, Sr. with respect to the first misconduct hearing may proceed. The court notes plaintiff's request for ap-

pointment of counsel, but will defer its decision on that request until such time as defendants have responded to the complaint.

### ORDER

AND NOW, this _____ day of January, 1987, in accordance with the Memorandum filed this date,

IT IS ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 are DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(d).

3. Plaintiff's claims under 42 U.S.C. § 1983 against defendants Clark, Judge, and Telipiski, and his claim under 42 U.S.C. § 1983 against defendant Howard, Sr. relating to the second misconduct are DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(d).

4. As to the remaining claims under 42 U.S.C. § 1983 against defendants Howard, Sr. and Howard, Jr., the complaint is to be filed, the summonses are to issue, service is to be made upon defendants, and a copy of this Order is to be directed to plaintiff.

5. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of this Court. Copies of papers filed in this court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be by mail. Proof that service has been made is provided by a certificate of service. This certificate should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

"I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon the (name(s) of person(s) served) by placing the same in the U.S. Mail, properly addressed, this (date) day of (month), (year).

_____

(Signature)"

If any pleading or other paper submitted for filing does not include a certificate of service upon the opposing party or counsel for opposing party, it may be disregarded by the Court.

6. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions and all papers relating to motions, including proof of service upon opposing parties, with the Clerk of the Court. All other requirements of the Federal Rules of Civil Procedure and Local Rules are to be followed.

7. No direct communication is to take place with the District Judge or United States Magistrate with regard to this case. All relevant information and papers are to be directed to the Clerk.

8. In the event the summons is returned unexecuted, it is plaintiff's responsibility to ask the Clerk of the Court to issue an alias summons and to provide the Clerk with defendant's correct address, so service can be made.

9. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.