**Tyrone K. JACKSON, Plaintiff,**

v.

**Gilbert A. WALTERS, et al., Defendants.**

Civ. A. No. 89–750.

United States District Court, W.D. Pennsylvania.

Oct. 25, 1989.

Tyrone K. Jackson, pro se.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Plaintiff has filed an action under 42 U.S.C. § 1983 against the Warden of the State Regional Correctional Facility at Mercer and members of its Community Reentry Committee, alleging that they denied him substantive and procedural rights guaranteed to him by the Fourteenth Amendment. We have received and reviewed the Magistrate's Report and Recommendation which recommends that defendants' Motion to Dismiss be denied. We adopt the Report, but disagree with the Recommendation, because we believe that accepting his allegations as true, the plaintiff fails to state a claim under the Fourteenth Amendment.

Plaintiff in his Complaint and Amended Complaint alleges two causes of action: that the Community Reentry Committee members denied him his rights under the Fourteenth Amendment when they did not allow him to attend a review hearing on December 16, 1988, at which time his application for a furlough was discussed, and that Gilbert A. Walters violated his rights under the Fourteenth Amendment by considering information supplied to Walters by two police officers relative to a homicide charge for which plaintiff had been tried and acquitted.

Plaintiff's claim is, as the Magistrate held, cognizable under 42 U.S.C. § 1983. Further, although there is no constitutional right to parole or to furlough, see *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the decisions to grant or deny parole or furlough may not be based on impermissible factors. *Block v. Potter*, 631 F.2d 233 (3d Cir.1980) (race). The question presented therefore is straightforward: does the Fourteenth Amendment prohibit consideration of information relative to a homicide charge for which a prospective parolee or furloughed prisoner was acquitted?

In federal parole decisions, it has been held that criminal charges of which a prospective parolee has been acquitted may not be considered. *Joost v. United States Parole Commission*, 698 F.2d 418 (10th Cir.1983). This is a product of administrative regulation, however, not constitutional law, and is not even an absolute prohibition as a matter of federal administrative regulation. See 28 C.F.R. § 2.19(c). Information which may be validly considered by a parole review board, by a furlough program, or by any of the wide variety of halfway programs used in modern panel systems to ease the transition of a convicted criminal into civil society may not be forced into any mold simply on the basis that plaintiff deems it unfair or impermissible. Certainly information about a prospective furloughed prisoner's involvement with the criminal justice system, even if acquitted, bears a rational relationship to an evaluation of that prisoner's likelihood to adjust successfully to released status. The Fourteenth Amendment demands no more than that rational relationship.

Plaintiff also claims that he had a constitutional right to attend the prerelease

review hearing on December 16, 1988. Plaintiff has no protected liberty interest or any expectation of prerelease furlough under 37 Pa.Code 94.3(b), as a matter of state law. See *Reider v. Commonwealth Bureau of Corrections*, 93 Pa.Cmwlth. 326, 502 A.2d 272 (1985). Without a liberty interest in his admission to the furlough program, plaintiff has no due process right in his prerelease proceeding, even if personal attendance at the proceedings were an element of that due process. *See e.g. Sharp v. Leonard*, 611 F.2d 136 (6th Cir. 1979).

Because plaintiff fails to state a claim, we do not address the questions whether defendants are absolutely immune from damages in their individual capacities because of their quasi-judicial role in decisions involving parole, or whether they, as state officials, may be sued in their official capacities for momentary relief under Section 1983. See *Will v. Michigan Department of State Police*, —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Plaintiff's complaint is dismissed. The Clerk shall mark this matter closed.