**Willie Ray WILLIAMS and Michelle Dejesus**

v.

**Thomas FRAME, Warden, Chester County Prison, et al.**

Civ. A. No. 92–5411.

United States District Court,
E.D. Pennsylvania.

May 19, 1993.

As Amended Aug. 17, 1993.

Willie Ray Williams, pro se.

Michelle Dejesus, pro se.

## MEMORANDUM

ROBRENO, District Judge.

## I. INTRODUCTION

On September 17, 1992, Willie Ray Williams and Michelle Dejesus submitted to the Court a lengthy and rambling *pro se* complaint alleging a litany of 42 U.S.C. § 1983 civil rights violations they claim to have suffered, respectively, at the hands of the Warden of Chester County Prison and various corrections officers. The complaint was signed by Williams alone ostensibly because Williams, a layman, was purporting to act on Dejesus's behalf. By Memorandum and Order dated December 16, 1993, this Court returned the complaint to Dejesus for her signature on the grounds that Fed. R.Civ.P. 11 requires that all pleadings be signed by a party or the party's attorney and that Williams was precluded by law from acting as Dejesus's attorney. *Williams v. Frame*, 145 F.R.D. 65 (E.D.Pa.1992). The Court expressly reserved judgment on whether the complaint would be dismissed as frivolous.

Since the December 16 Order, Dejesus has, in fact, returned a signed complaint. After Dejesus signed the complaint, however, Williams submitted to the Court a "Motion for Leave to File a Supplemental Amended Complaint," with an amended complaint at-

tached. The amended complaint is substantially identical to the original complaint as to Williams's claims, with some additional allegations included. Most of Dejesus's claims have been omitted from the amended complaint. The amended complaint, although purportedly asserted on behalf of *both* Williams and Dejesus,[1] is once again signed only by Williams.

By virtue of the December 16 Order, the Plaintiffs were on notice that unless they were represented by counsel, both of them must sign all pleadings submitted to the Court. This instruction has now been ignored, and there is no reason to believe it will not be so ignored again in the future. For this reason, the Court will sever Dejesus's claim from Williams's so as to allow each Plaintiff to submit his/her pleading without need for the other's signature. The Clerk will be directed to assign the complaint signed by Dejesus a new civil action number separate from this one. From this point forth, all pleadings filed on behalf of Williams will be docketed in this action, and all pleadings filed on behalf of Dejesus will be filed on the docket of the new action. The Plaintiffs are once again reminded that no pleading will be considered unless it is signed by the Plaintiff in his/her case. Fed.R.Civ.P. 11.

The remainder of this Memorandum relates to the substance of Williams's amended complaint. Since the original complaint signed by Dejesus will be docketed at a new docket number, the Court will enter a separate Order addressing the merits of her claims.

## II. THE AMENDED COMPLAINT

Williams attempts to amend his original complaint to withdraw his claims against two corrections officers and add the Court of Common Pleas of Chester County as a new defendant. At the same time Williams also filed a "Motion for Preliminary Injunction Pending Permanent Injunction" and supporting memoranda,[2] wherein he further embel-

---

1. The caption of the amended complaint names the plaintiffs as "Willie Ray Williams, et al." The Court can only presume that the "et al."

referred to is Dejesus, who was the only other named plaintiff in the original complaint.

2. It appears that plaintiff also seeks a temporary restraining order for the same reasons as those

lishes his original allegations and seeks to plead additional claims. Since the original complaint was never filed on the docket of the Court, the Court will deem the original complaint moot and will address the merits of the amended complaint. As noted above, however, the two are, in any event, substantially identical as to Williams.

Willie Ray Williams has been an inmate at Chester County Prison since March 1991. In his various pleadings, he alleges constitutional violations arising from misconducts given to him by staff members, denial of prison employment, denial of minimum security status, denial of parole, tampering with his personal and legal mail, withholding personal property, denial of food, smoke inhalation, denial of use of the copy machine, denial of medical treatment, denial of freedom of religious association, illegal conviction, misinformation in his records, denial of purchase of a typewriter, cost of legal supplies, denial of adequate law library access, and refusal to provide grievance forms. In a few pleadings, Plaintiff[3] manages to touch upon many of the issues of inmate rights which have become "impassioned, expansive and complicated." Robbins, "The Prisoners' Mail Box and the Evaluation of Federal Inmate Rights" 144 F.R.D. 127, 131 (1993). The common denominator of this veritable cafeteria of constitutional theories is Plaintiff's belief that various prison officials and others are conspiring to harass him and violate his constitutional rights. As to nearly every claim, however, Plaintiff's constitutional grasp exceeds his factual reach.

With his complaint, Plaintiff filed a request for leave to proceed *in forma pauperis*. As it appears he is unable to pay the cost of commencing this action, leave to proceed *in forma pauperis* is granted.

that purportedly support plaintiff's request for a preliminary injunction. The Court's discussion of injunctive relief in this Memorandum applies to both the request for preliminary injunction and the request for a temporary restraining order.

It also seems that the facts alleged by plaintiff in support of his motion for injunctive relief substantially overlap with the facts set forth in

## 1. CONSPIRACY

■ Plaintiff's allegation that he is the victim of a conspiracy to deny his constitutional rights is dismissed as legally frivolous. "A general averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient." *Kalmanovitz v. G. Heileman Brewing Co.,* 595 F.Supp. 1385, 1400 (D.Del.1984), *aff'd,* 769 F.2d 152 (3d Cir.1985). Not only is the complaint devoid of credible factual allegations, but there is not so much as a hint that Plaintiff's perceived plight is the result of any "agreement, either explicit or implicit, to commit an unlawful act, combined with intent to commit the underlying offense." *United States v. Kapp,* 781 F.2d 1008, 1010 (3d Cir.), *cert. denied,* 479 U.S. 821, 107 S.Ct. 87, 93 L.Ed.2d 40 (1986).

## 2. MISCONDUCTS

■ Plaintiff alleges that administrative policies and procedures applicable to inmate conduct are not set forth in the Chester County Prison's inmate handbook, and the inmates do not otherwise have access to this information. Plaintiff claims that the procedure allows the prison guards to set rules of conduct at the prison and consequently to arbitrarily assign misconducts to the inmates who violate these guard-imposed rules. Plaintiff recounts several incidents which he believes show a pattern of harassment and intimidation. Specifically, he mentions being intentionally given less food than other inmates or inedible food, and then receiving misconducts for taking additional food or attempting to return the inedible food. He also alleges that he was given misconducts for not providing an inmate with legal assistance, and for refusing to occupy an upper bunk when he alleges that he could not make the climb due to an arthritic leg.

the complaint. Some additional facts are, however, set forth for the first time in the motion for injunctive relief. Those additional facts, and whether they support a cause of action, are addressed *infra.*

3. Since this Memorandum and Order relate only to Williams, the term "plaintiff" herein refers to Williams only, and not DeJesus.

This claim is dismissed as legally frivolous. While Plaintiff may disagree with the basis for the issuance of the misconducts, such an allegation standing alone is insufficient to state a constitutional violation where, as here, the inmate fails to allege that he was denied due process in connection with adjudication of the charges alleged in the misconducts. *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2d Cir.1986); *Vines v. Howard*, 658 F.Supp. 34 (E.D.Pa.1987).

### 3. DENIAL OF PRISON EMPLOYMENT

■ Plaintiff alleges that, as part of the conspiracy to harass him, he was denied employment in the prison. This claim is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(d), as inmates have no constitutional right to prison employment. *Williams v. Meese*, 926 F.2d 994 (10th Cir. 1991). Nothing in this complaint suggests that Plaintiff, who indicates that he is in administrative segregation, was denied prison employment for impermissible reasons.

### 4. DENIAL OF MINIMUM SECURITY STATUS

■ Plaintiff's claim that he should be transferred from administrative segregation to minimum security status is dismissed as frivolous. Plaintiff has no right under the U.S. Constitution to any specific custody status. *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). Further, Plaintiff, a county prison inmate, has not identified any Pennsylvania regulation that can be said to create such an interest in his case. *See Tyler v. Rapone*, 603 F.Supp. 268 (E.D.Pa.1985) (Pennsylvania regulations governing administrative segregation of county, as opposed to state, inmates do not create a liberty interest, distinguishing *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Marshall v. Kozakiewicz*, 601 F.Supp. 1549 (W.D.Pa.1985) (same).

### 5. DENIAL OF PAROLE

■ Plaintiff alleges that his application for release on parole was disapproved without legitimate cause. In essence, Plaintiff disagrees with the parole board's conclusion that the nature of his offense and his behavioral adjustment during incarceration provide sufficient basis for the denial of parole. There is no constitutional right to parole, *see Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Parole decisions, however, may not be based on impermissible factors. *Jackson v. Walters*, 733 F.Supp. 33 (W.D.Pa.1989). Although Plaintiff advances a conspiracy theory to explain the denial of parole, the board's decision appears to be based on legitimate considerations relevant to the Plaintiff's ability to adjust to released status. Because Plaintiff's allegations fail to identify the impermissible factors upon which the parole board's decision was based, this claim is dismissed as frivolous.

### 6. INTERFERENCE WITH PERSONAL AND LEGAL MAIL

■ Plaintiff alleges that Counselors Snyder and McFadden and others have delayed delivery of his legal mail, and that "recently July 1992, Plaintiff filed a motion in the Court of Common Pleas and the motion was dismissed the [sic] court." Plaintiff's allegation that one of his motions was dismissed by the Court of Common Pleas is not apparently connected to any specific instance of mail delay. To the extent that Plaintiff may be deemed to be alleging interference with his right to access the courts, he has failed to show that the interference resulted in injury. *See Peterkin v. Jeffes*, 855 F.2d 1021, 1041 (3d Cir.1988). Accordingly, this claim is dismissed as legally frivolous.

■ Plaintiff also asserts that counselors, guards, and an inmate have read personal correspondence between another inmate, Michelle Dejesus, (his former co-plaintiff in this action), and him. This claim is also dismissed as frivolous. Inmate-to-inmate correspondence may be restricted without necessarily running afoul of constitutionally protected rights provided the restriction "is reasonably related to valid corrections goals." *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Plaintiff fails to allege that he was even authorized to correspond

with Ms. Dejesus, as is required under applicable prison regulations (37 Pa.Code § 95.-234(a)(2)) in cases of inmate-to-inmate correspondence. Further, Plaintiff's conclusion that his correspondence was actually opened and read by others appears to be mere speculation inspired by his conspiracy theory.

■ Finally, Plaintiff's allegation that some of his outgoing mail to the news media and a religious group has been lost is also dismissed as legally frivolous. Plaintiff fails to even allege how his mail was lost. Moreover, this appears to be nothing more than a negligence claim, which is not actionable under § 1983. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

### 7. DENIAL OF PERSONAL PROPERTY

■ Plaintiff alleges that for two weeks he was not permitted access to a check for $3,772 which was sent to him at the prison. Further, Plaintiff claims the check was deposited in Plaintiff's inmate account against his wishes, and that the prison drew interest on the deposit during that time. This claim is dismissed as legally frivolous. The Supreme Court has held that "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy is available." *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). Since Plaintiff appears to have a state remedy for his property claim, *see* 42 Pa.C.S.A. § 8550, a § 1983 action is inappropriate. *See generally Jones v. Waters,* 570 F.Supp. 1292, 1298 (E.D.Pa.1983) (*dictum*).

### 8. DENIAL OF ADEQUATE FOOD

Plaintiff alleges that on several occasions three prison cooks, "Roberson, Stevenson, and Purdy", directed the inmates who serve food in the prison cafeteria to give Plaintiff less food than was given to the other inmates. When Plaintiff complained of this to Corrections Officers Barnett, Santos, Thomas, Saunders, Conway, and others, nothing was done about Plaintiff's complaint.

Although this allegation may be actionable under § 1983, Plaintiff has provided the Court with insufficient detail of the incidents. Accordingly, Plaintiff is granted leave to amend his complaint to advise the Court whether the aforementioned cooks are inmates or prison employees, to provide the specific involvement of each individual involved in the alleged deprivation of adequate food, and to amend the complaint's caption to include the names of each of these defendants.

### 9. SMOKE INHALATION

Plaintiff alleges that on several occasions the guards failed to put out fires set by inmates. As a result, Plaintiff and other inmates suffered smoke inhalation which required hospitalization. While this allegation may state a claim under § 1983, *cf. McKinney v. Anderson,* 959 F.2d 853 (9th Cir.1992) (under certain circumstances exposure to secondary smoking may constitute cruel and unusual punishment), *cert. granted sub nom., Helling v. McKinney,* — U.S. —, 112 S.Ct. 3024, 120 L.Ed.2d 896 (1992), Plaintiff fails to identify the guards involved and the appropriate date and time of the incidents. Plaintiff is granted leave to amend his complaint to provide this information and, if necessary, to amend the complaint's caption accordingly.

### 10. DENIAL OF COPY MACHINE

■ Inmates do not have a constitutional right to the use of photocopying equipment. See *Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991). Denial of access to free photocopying may be actionable only if it is predicated upon an allegation of actual injury amounting to a denial of access to the courts. *Id.* Because Plaintiff fails to allege actual injury as a result of this alleged deprivation, his claim that he was denied use of the photocopy machine is denied as frivolous.

### 11. DENIAL OF MEDICAL TREATMENT

Plaintiff alleges that "the administration has been denying medical treatment, by refusing to answer Plaintiff's requests to be seen at medical." To make a colorable claim

of medical treatment so inadequate that it violates the Eighth Amendment's prohibition against cruel and unusual punishment, Plaintiff must allege "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104–105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Plaintiff has failed to provide the Court with sufficient information to determine whether he has stated a colorable Eighth Amendment violation. Therefore, Plaintiff is granted leave to amend his complaint to explain the nature of his medical need, the effect of denial of treatment on his physical condition, the number of requests he submitted and the responses thereto, and the individual or individuals responsible for the alleged denial of treatment.

## 12. DENIAL OF RELIGIOUS ASSOCIATION

Plaintiff alleges that he has been denied freedom to associate with the religious group of his preference, while other inmates in administrative segregation are ostensibly permitted to do so. However, Plaintiff fails to plead facts with sufficient details to allow the Court to assert the reasonableness of the claim. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (prison officials acted in reasonable manner by precluding Islamic inmates from attending certain religious services). Plaintiff is granted leave to identify the individual or individuals responsible for the alleged violation, to provide the approximate date of the violation and details of each violation and, if necessary, to amend the complaint's caption to include appropriate names.

## 13. CRIMINAL CONVICTION

Plaintiff alleges that "[N]ow this conspiracy by guards, the State Police, former Detective Yoder, and Plaintiff's personal attorney who represented Plaintiff at trial who refuses to return Plaintiff's files, and continue to refuse to correct his deliberate errors at trial in order to convict Plaintiff (Williams) of all charges in order to clear another client, represented by him." Since this allegation and other allegations against these defendants and other individuals involved in his trial were adjudicated by this Court in Civil Action Number 92–5211, which was dismissed by order dated November 30, 1992, this claim is dismissed as frivolous.

Plaintiff's dissatisfaction with his trial appears to be the basis for his inclusion of the Chester County Court of Common Pleas in his "supplemental amended complaint." The claim against this defendant is dismissed as frivolous. This issue has already been previously heard by this Court, and the Chester County Court of Common Pleas is not amenable to suit under § 1983. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## 14. MISINFORMATION IN PLAINTIFF'S RECORDS

Plaintiff appears to be alleging that prison officials provided outdated and prejudicial information to the FBI in connection with a records request which Plaintiff made to the FBI pursuant to his application for release on parole. Because of this, Plaintiff believes that his FBI records now include misinformation which is harmful to his reputation. This claim is dismissed as legally frivolous. Although Plaintiff believes this to be further evidence of a conspiracy against him, this appears to be, at best, a negligence claim which is not actionable under § 1983. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

## 15. DENIAL OF TYPEWRITER

Plaintiff alleges that his requests to purchase a typewriter for use in his cell have been denied. He alleges that there is only one typewriter in the law library and that denial of a personal typewriter violates his First Amendment rights. This claim is denied as legally frivolous. Plaintiff has no First Amendment or other constitutional right to purchase a typewriter. Moreover, he fails to demonstrate actual injury due to the lack of a personal typewriter. *See Peterkin,* 855 F.2d at 1041.

## 16. COST OF LEGAL SUPPLIES

Plaintiff alleges that the cost of legal supplies and photocopying at the prison is excessive, thereby violating his First Amendment rights as an indigent prisoner. This

claim is dismissed as legally frivolous. As with the claimed denial of access to photocopying and to a typewriter, Plaintiff has failed to show the requisite actual injury. *Peterkin*, 855 F.2d at 1041. Moreover, the volume of written material Plaintiff has submitted in connection with this and other actions filed in this Court is proof positive that his right to free speech and access to the courts has not been impeded by the cost of legal supplies and photocopying at Chester County Prison. *See Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir.1982).

### 17. DENIAL OF ADEQUATE LAW LIBRARY ACCESS

 Plaintiff alleges that he is allowed only seven hours per week in the law library. Although Plaintiff cites guidelines which allow the prison to deny segregated prisoners, such as Plaintiff, any law library time, he argues that, by contrast, other segregated prisoners are allowed more than seven hours per week in the law library. It is settled that the constitutional right of access to the courts includes inmates access to adequate law library time. *See, Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Plaintiff's claim is legally frivolous because he has not demonstrated that the access he has been provided is not adequate. Moreover, Plaintiff has failed to show that any deprivation of access to the library *beyond* seven hours has involved actual injury. *Peterkin*, 855 F.2d at 1041.

### 18. DENIAL OF GRIEVANCE FORMS

 Although Plaintiff alleges that he has been denied forms with which to file administrative grievances, he makes reference in his complaint to letters he has written to prison officials addressing his administrative complaints. Consequently, Plaintiff fails to demonstrate that the alleged failure to provide him grievance forms has denied him the ability to use the prison grievance process. Accordingly, this complaint is dismissed as legally frivolous.

### 19. MOTION FOR INJUNCTIVE RELIEF

Plaintiff's complaint contains a sweeping request for injunctive relief. Before such extraordinary relief can be granted Plaintiff must show that irreparable injury will result if this relief is not granted prior to the final adjudication of the claims on their merits. *Perkins v. Wagner*, 513 F.Supp. 904, 906 (E.D.Pa.1981) (applying standard for granting injunctive relief in the context of a prisoner claim). Plaintiff must also show a reasonable probability of success on the merits and that possible harm to the opposing party is minimal. *Id.* The motion for a preliminary injunction must be denied because the facts that Plaintiff has alleged in the complaint and in the motion do not meet these requirements.

### III. CONCLUSION

On the basis of the foregoing, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(d), with leave to amend as specified herein. The motion for a preliminary injunction is also denied.[4]

---

4. Also denied are Plaintiff's motion for appointment of counsel, Plaintiff's motion for relief from various copying fees, Plaintiff's motion for consolidation of this case with Dejesus's, and Plaintiff's motion for service of process.