■ Anne Rosenblum, an Infant, by Louis Rosenblum, Her Guardian ad Litem, et al., Respondents, v. Harry Rosenblum, Appellant, and Daniel Giannini et al., Copartners Doing Business as Danny's Garden Center, et al., Respondents. (Action No. 1.) Dominick A. Giannini, Respondent, v. Sheldon Rosenblum et al., Appellants. (Action No. 2.) (And a Third Action.) — In consolidated negligence actions, the defendants Harry Rosenblum and Sheldon Rosenblum appeal from so much of an order of the Supreme Court, Queens County, entered January 29, 1963, as denied their motion for discovery and inspection of: (a) the 1960 and 1961 income tax returns of the plaintiff Dominick A. Giannini; and (b) a certain landscaping contract between Danny's Garden Center (a firm in which said plaintiff was a partner) and Clearview Gardens Apartment. Said plaintiff claimed that he suffered a financial loss under such contract because of his inability to pursue his vocation due to the injuries resulting from the accident. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and the motion for discovery and inspection of the tax returns and the contract granted as follows: within 10 days after entry of the order hereon, the plaintiff Dominick A. Giannini is directed to make true copies of his 1960 and 1961 tax returns and of said contract available to defendants Harry and Sheldon Rosenblum, and to permit them to inspect and copy the same; and, in the event such copies of the tax returns cannot be made available for any reason, then the said plaintiff is directed, within 10 days after entry of the order hereon, to execute and to deliver to said defendants' attorney, an appropriate instrument authorizing the Internal Revenue Service to send certified copies of the tax returns to such attorney at the latter's expense. Under the circumstances here, it was an improvident exercise of discretion not to permit such discovery and inspection. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ Emil Kraemer, Respondent, v. Philip Gallagher, Appellant.— On an appeal from a final judgment, motion by respondent to reject appellant's notice of settlement of the transcript of the stenographic minutes of the trial which preceded the interlocutory judgment, and for other relief. Motion denied *in toto*, without prejudice to an application to the Trial Judge for appropriate relief. He is the one who in the first instance is required to settle the transcript to be used upon an appeal, and to decide any controversy with respect to such transcript. The proper procedure is prescribed by subdivision (c) of 5525 of the Civil Practice Law and Rules. The appeal is ordered on the calendar for the September Term beginning September 9, 1964; the stay heretofore granted by order, dated March 26, 1964, is continued on condition that the appeal be perfected for said term. The record and appellant's brief must be served and filed on or before July 20, 1964. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.