William BURRELL, Plaintiff,

v.

Alice Justine SWARTZ and A.L. Luciano, Defendants.

No. 82 Civ. 2466.

United States District Court, S.D. New York.

Feb. 24, 1983.

William Burrell, plaintiff pro se.

Robert Abrams, New York State Atty. Gen., New York City, for defendants; George Perry, Asst. Atty. Gen., New York City, of counsel.

SOFAER, District Judge:

Plaintiff filed a pro se, in forma pauperis complaint alleging that defendant court reporters violated 42 U.S.C. § 1983 by making various errors and omissions in recording plaintiff's criminal trial in New York State Supreme Court. On April 28, 1982 this Court issued an order dismissing the complaint without prejudice pending resolution of plaintiff's state court motion to settle the transcript under C.P.L.R. 5525(c). Plaintiff subsequently reported that he had filed motions before both the trial court and the Appellate Division. The latter motion was dismissed, no doubt because C.P.L.R. 5525(c) provides only for settlement motions to the trial court, *Kraemer v. Gallagher*, 21 A.D.2d 682, 250 N.Y.S.2d 130 (2d Dep't 1969), and the motion to the trial court was denied. *See* Defendants' Motion Exhibit C (Denial of Motion to Settle, July 15, 1982). Accordingly, on August 19, 1982, the Court granted plaintiff's motion to reopen the case, and further ordered defendants to answer or move with respect to the complaint. Pursuant to that order, defendants have filed a motion to dismiss or for summary judgment. That motion is hereby granted.

■ No constitutional or federal statutory right exists to an absolutely accurate trial transcript. To the extent the complaint assumes the existence of such a right, it may be readily dismissed for failure to state a claim on which relief may be granted. Fed.R.Civ.P. 12(b)(6). Plaintiff could state a claim on which relief may be granted insofar as the alleged errors and omissions in his transcript prejudice an appeal of his conviction. While there is no constitutional right to appeal a criminal conviction, where a state provides a statutory right to appeal that right must meet the constitutional requirements of due process. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). If a state fails to afford a fair and adequate procedure for settling transcripts on which to base such an appeal, or if a state official intentionally alters a transcript in a way that prejudices a defendant's appeal, the due process clause of the fourteenth amendment might be violated. *See United States v. Pratt*, 645 F.2d 89, 91 (1st Cir.) (delay in producing transcripts as violation of due process), *cert. denied,* 454 U.S. 881, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); *Rheuark v. Shaw*, 628 F.2d 297, 305 (5th Cir.) (same), *cert. denied,* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1980). To prove such a violation plaintiff would have to show either the unfairness of available settlement procedures or the existence of intentional tampering; then, he would have to prove the alleged errors and omissions in the trial transcript prejudice his statutory right to appeal.

■ The procedure followed in settling plaintiff's transcript was fair and fully met the requirements of due process. Where the parties cannot agree on disputed portions of the transcript, the decisions of non-participating judges at any level of the state or federal courts could not consistently improve upon the accuracy of a trial court's first-hand recollection. Indeed, it is difficult to imagine a reasonable alternative to relying on a trial court's recollection. *See People v. Carney*, 73 A.D.2d 9, 425 N.Y.S.2d 323 (1st Dep't 1980) (discussing historic reliance on recollection of trial judge in developing record for appeal). The procedure followed in this case under C.P.L.R. § 5525 is substantially the same as that provided by Federal Rule of Appellate Procedure 10(e). *See* 9 Moore's Federal Practice ¶ 210.08. Plaintiff's suggestion

that he be allowed to present his trial notes and question jurors as to their recollection in a hearing on his proposed amendments only confirms that substantial resources would be required for a mini-trial over what happened at trial, with doubtful results.

■ Given the adequacy of the settlement procedures followed in this case, plaintiff's burden of proving his alternative grounds of due process violation—intentional tampering by defendant reporters—is virtually insurmountable. By rejecting the plaintiff's motion to settle the transcript, the trial court implicitly negated the existence of tampering. The trial court specifically found that "the transcript is accurate to the best of the Court's recollection." Defendants' Motion Exhibit C. As discussed, this recollection must of necessity be given great weight. Moreover, both defendants have submitted affidavits denying that anyone intentionally altered or omitted any portion of the proceedings at defendant's trial. Under these circumstances, plaintiff's bare allegations of intentional tampering, based solely on his recollection of statements made at trial (plaintiff did not have counsel at trial), fail to raise a genuine issue of fact. Accordingly, insofar as plaintiff's complaint is based on either the inadequacy of the settlement procedure or intentional tampering, defendants are granted summary judgment. Fed.R.Civ.P. 56.

■ Apart from the adequacy of the procedures used to settle plaintiff's transcript and the absence of a genuine issue of fact concerning tampering, the errors and omissions alleged in the complaint involve no items of meaningful significance to an appeal of plaintiff's conviction. Plaintiff has therefore failed to state a claim on which relief may be granted in that his complaint demonstrates that he could not meet the requirement of prejudice to his appeal. Three of the five changes submitted by plaintiff to the trial court consist of plaintiff's remarks to the jury and the panel of prospective jurors. Plaintiff claims that in these statements he accused the jurors and prospective jurors of partiality, generally condemned the trial proceedings as a violation of due process, and argued the weakness of the State's evidence against him. These statements have no relevance to any grounds for appeal and their exclusion from the trial transcript—assuming they were made—could not affect an appeal of plaintiff's criminal conviction.

■ The two remaining requested changes concern the prosecutor's summation and the trial court's charge. While these changes at least bear a relationship to a possible appeal, a challenge to plaintiff's criminal conviction based on these changes would be without merit and their exclusion from the transcript therefore does not prejudice plaintiff's right to appeal. The first of the remaining changes is the following statement allegedly made in the prosecutor's summation: "He did this. He did this. If you feel in your hearts and conscience that this man had criminal intent, then you must find him guilty of the crime of burglary in the 3rd degree." Nothing in this alleged assertion is improper. The prosecutor was emphasizing for the jury the distinction between a criminal act and criminal intent. The comment was not stated in terms of the prosecutor's personal belief in the plaintiff's guilt; rather, he plainly left the determination of criminal intent up to the jury. *Compare United States v. Modica,* 663 F.2d 1173, 1178–81 (2d Cir.1981); *People v. Knox,* 71 A.D.2d 41, 421 N.Y.S.2d 992, 998 (4th Dep't 1979).

■ The remaining change is the trial judge's allegedly repeated references to the address at which the charged burglary took place during his explanation of the elements of the crime. Plaintiff's claim that these references were "highly suggestive and discriminatory" notwithstanding, it is plain that such references in a jury charge are entirely neutral additions that serve to specify for the jury the exact criminal act charged. An appeal based on such additions to the charge would be without merit.

In sum, plaintiff's complaint states a cause of action only insofar as it alleges a deprivation of plaintiff's right to due process in exercising his state right to an appeal. Insofar as the alleged deprivation of due process involves either the procedure used to settle the transcript of plaintiff's

trial or intentional tampering, defendants are granted summary judgment. Plaintiff has also failed to state a claim on which relief may be granted in that his complaint fails to allege errors and omissions that could prejudice his right to appeal. The complaint is therefore dismissed with prejudice.

 Plaintiff may not appeal this Order in forma pauperis if the Court finds that such an appeal would not be taken in good faith. 28 U.S.C. § 1915(a). "Good faith" under § 1915(a) is defined by an objective standard whereby frivolous appeals are deemed taken in bad faith, notwithstanding an appellant's subjective sincerity or good faith. *Linden v. Harper and Row Publishers,* 490 F.Supp. 297 (S.D.N.Y.1980) (objective standard applies to civil as well as criminal in forma pauperis appeal); *Harlem River Consumers Coop. v. Associated Grocers,* 71 F.R.D. 93 (1976) (same); *see also Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 920, 8 L.Ed.2d 21 (1962) (objective standard applies to criminal in forma pauperis appeal). Given the meritless nature of plaintiff's claims, an appeal of this Order would be frivolous and, therefore, not taken in good faith under 28 U.S.C. § 1915(a).

SO ORDERED.