Benjamin MITCHELL

v.

Charles H. ZIMMERMAN, Superintendent of the State Correctional Institution at Huntingdon, Pennsylvania, and the Attorney General of the State of Pennsylvania.

Civ. A. No. 83–3887.

United States District Court, E.D. Pennsylvania.

March 13, 1984.

Benjamin Mitchell, pro se.

Kenneth S. Gallant, Atty-in-charge, Sp. Litigation, Philadelphia, Pa., for respondent.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

On May 21, 1982, petitioner Benjamin Mitchell was convicted of two counts of aggravated assault before Hon. Thomas N. Shiomos of the Philadelphia County Court of Common Pleas. Judge Shiomos sentenced Mr. Mitchell to two concurrent two-to-five year sentences. On June 2, 1982, Mr. Mitchell filed a *pro se* appeal in the Superior Court. That appeal is still pending. The delay in resolution of his appeal forms the basis of Mr. Mitchell's instant habeas corpus petition under 28 U.S.C. § 2254.

On August 9, 1982, the Court of Common Pleas appointed Alexander Zdrok, Esq. to represent Mr. Mitchell in his appeal. Mr. Mitchell contends that he never met Mr. Zdrok and that he did not learn of Mr. Zdrok's appointment until April, 1983. Mr. Zdrok was granted leave to withdraw as counsel on April 12, 1983. Meanwhile, Mr. Mitchell had grown impatient with the inactivity on his appeal. On April 13, 1983, Mr. Mitchell filed a *pro se* petition for a writ of habeas corpus in the Court of Common Pleas. Mr. Mitchell had dated that petition April 7. Respondents here allege that the Common Pleas Court denied Mr. Mitchell's petition. The record does not reflect that denial. Instead, the Common Pleas Court apparently returned the petition to Mr. Mitchell with an unresponsive letter dated April 13—the same day the court filed the

petition—concerning requests for court records. Mr. Mitchell sent a habeas corpus petition to the Superior Court during April. He claims, however, that the Superior Court refused to accept the petition for filing and returned it to him. Finally, Mr. Mitchell filed a petition for habeas corpus in the Pennsylvania Supreme Court. On June 21, that court denied the petition. The habeas corpus petition in the Pennsylvania Supreme Court raised a number of grounds including the "inordinate delay" which Mr. Mitchell had experienced in prosecuting his state court appeal.

Mitchell now petitions for federal habeas corpus relief in this court on two grounds. First, he contends that he has not had adequate assistance of appellate counsel due to his inability to meet with his appointed counsel. Second, Mr. Mitchell contends that he has been denied his Fourteenth Amendment due process and equal protection rights as a result of the delay in processing his direct appeal.

The first of Mr. Mitchell's asserted grounds for relief is moot. Edward Blumstein, Esq., has been appointed as counsel for Mr. Mitchell's appeal. He has apparently met with Mr. Mitchell since his appointment.

█ The second ground for relief presents a more difficult problem. I find that Mr. Mitchell has exhausted his state remedies on this ground as required by 28 U.S.C. § 2254(b). He seeks relief arising out of delay in moving his state appeal forward. The exhaustion requirement would yield anomolous results indeed if it meant that one whose appeal to the Superior Court moved slowly would be required to await a disposition of that appeal, and then of an appeal to the Pennsylvania Supreme Court, before presenting the delay claim to a federal habeas corpus court. *Cf. Codispoti v. Howard,* 589 F.2d 135 (3d Cir.1978) (no further exhaustion required when state trial court had not disposed of motion for new trial for twelve years); *United States ex rel. Senk v. Brierley,* 471 F.2d 657, 660 (3d Cir.1973) (three-and-one-half-year delay in hearing PCHA petition

excuses further exhaustion); *Ray v. Howard,* 486 F.Supp. 638, 643 (E.D.Pa.1980) (nine-month delay insufficient to excuse further exhaustion). Further, petitioner has presented his delay claim to all three levels of Pennsylvania courts and the Supreme Court, at least, has acted on his claim.

█ A convicted state defendant has no constitutional right to appeal, but once the state does provide that right the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection. *See Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (right of indigent to appointed counsel on appeal of right); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (right of indigent to free transcript on appeal). Our Court of Appeals has intimated that delay may violate these Fourteenth Amendment protections. In *Codispoti,* for example, the Court of Appeals remanded to the district court with instructions to hold a hearing. If the district court found the delay in ruling on petitioner's new trial motion was inexcusable, the district court was to consider whether petitioner's asserted grounds for a new trial establish any federal constitutional deprivations. "Even if the court conclude[d] that there were no constitutional violations at the original state trial, the court [was] free to consider whether the sheer length of the delay in deciding the new trial motion [was] a violation of Codispoti's constitutional rights." 589 F.2d at 142; *see also United States ex rel. Geisler v. Walters,* 510 F.2d 887, 893 (3d Cir.1975) ("We hesitate to repeat the ancient statement that justice delayed is justice denied, but there can be no doubt that [a three-year-four-month] delay is an adequate basis for federal habeas corpus relief . . . .").

Other courts have explicitly recognized that a delay in processing an appeal can violate the Fourteenth Amendment's guarantee of due process. *See, e.g., United States v. Pratt,* 645 F.2d 89, 91 (1st Cir. 1981), *cert. denied,* 454 U.S. 881, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981) (delay in tran-

scribing federal trial); *Rheuark v. Shaw,* 628 F.2d 297 (5th Cir.1980), *cert. denied,* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1980) (no section 1983 damages for delay available because of immunity); *Layne v. Gunter,* 559 F.2d 850 (1st Cir.1977) (habeas corpus relief would have been available had state appeal process not started to move); *Burrell v. Swartz,* 558 F.Supp. 91 (S.D.N. Y.1983) (no right to section 1983 damages for failure to transcribe state trial properly, although damages might have been available for failure to transcribe promptly).

Petitioner has adequately alleged that he has suffered inordinate delay. He filed an appeal twenty months ago. To date, according to the pleadings before me, the state has not provided petitioner with a transcript of his trial. This transcript is a prerequisite to establishment of a briefing schedule. *See* Pa.R.App.P. 1934. Petitioner contends that he has no immediate prospect of a hearing before the Superior Court. Respondents do not disagree.

■ Respondents would have this court dismiss Mr. Mitchell's petition on the ground that Mr. Mitchell has not alleged the grounds of his state appeal. This cannot have any impact on the federal court's initial decision that a prisoner has a right to habeas corpus relief due to the state appellate court's delay. It is the delay itself which constitutes the denial of liberty without due process. What petitioner's grounds for appeal are may have relevance at a subsequent stage of this proceeding— i.e., as bearing on the relief to which petitioner may be entitled if this court determines that the state's delay in addressing Mr. Mitchell's appeal has denied him due process entitlements. If this court were to scrutinize Mr. Mitchell's asserted grounds for relief before determining that the delay in the Superior Court constituted a constitutional violation, this court would be in the position of ruling on matters properly before the Superior Court without determining that this court has the power to do so. Until I have determined that the delay in prosecuting Mr. Mitchell's appeal has vio-

lated the Fourteenth Amendment, I cannot grant any habeas corpus relief. Ruling on the legal sufficiency of Mr. Mitchell's appeal would be to grant at least some of the relief to which petitioner would be entitled if this court finds that the delay has worked a constitutional deprivation.

■ In order to determine whether Mr. Mitchell's continued incarceration violates his federal constitutional rights by virtue of the delay in his appeal, this court must hear evidence on the reasons for that delay and the prospects for an early disposition of Mr. Mitchell's appeal. The attached Order accordingly grants petitioner's request for an evidentiary hearing on the question whether his appeal has been inexcusably delayed to such an extent that the delay violates petitioner's federal constitutional rights.