**Floyd Preston RODGERS, Plaintiff,**

v.

**PAROLE AGENT SCI–FRACKVILLE, WECH et al., Defendants.**

**Civil Action No. 95–CV–5623.**

United States District Court,
E.D. Pennsylvania.

Feb. 26, 1996.

Floyd Preston Rodgers, Pro Se.

John O.J. Shellenberger, III, Office of the Attorney General, for Defendants.

### MEMORANDUM and ORDER

ANITA B. BRODY, District Judge.

Before me for disposition is the "Motion of all Defendants to Dismiss", filed pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1). For the following reasons, I will grant defendants' motion.

### I.  BACKGROUND

*Pro se* plaintiff Floyd Preston Rodgers has brought this § 1983 action[1] against several officials of the Pennsylvania Board of Probation and Parole ("PBPP"), alleging that his constitutional rights were infringed upon. Plaintiff brings this action on two separate grounds.  First, plaintiff alleges that his due process rights were infringed upon in April 1995, when a parole hearing examiner orally promised that he would be paroled, but the PBPP subsequently issued a document in August 1995 that denied him this parole.

Secondly, plaintiff alleges that the document issued by the PBPP did not inform him of his right to appeal the denial of parole, thus further infringing on his constitutional rights.[2]  See Complaint § IV.

In his complaint, plaintiff alleges various harms, namely "physical and mental stress, hurt, pain ... to his mind and body as well as mental anguish and emotional duress". *Id.*, at § IV, ¶ 1.  Plaintiff demands, from each defendant, $100,000 compensatory damages, $100,000 punitive damages, $200,000 prospective damages for future retaliatory harassment, and equitable relief (namely the establishment of an appeals system for denial of parole).  *Id.*, at § V.

### II.  MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

Defendants move to dismiss the complaint on 12(b)(6) grounds.  Rule 12(b)(6) permits the court to dismiss an action for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  In considering such a motion, the court must accept as true all allegations in the complaint and all reasonable inferences that may be drawn therefrom, viewed in the light most favorable to the plaintiff.[3]  See *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989).  In order to survive a 12(b)(6) motion, the plaintiff must provide enough evidence to support his claim, but does not need to demonstrate that he will ultimately prevail on the merits. See *Hishon v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  A claim may only be dismissed on 12(b)(6) grounds if the plaintiff cannot demonstrate any set of facts in support of the claim that would entitle him to relief.  See *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

---

**1.**  Plaintiff previously filed a petition for writ of habeas corpus based on the same facts, which was denied by Hon. Joseph McGlynn, Jr. on October 10, 1995.

**2.**  Plaintiff also alleges that a proper appeals system does not exist, thus violating the Pennsylvania Constitution's provision that ensures a right

to appeal a decision of an administrative agency. See *id.* at ¶ 1, 3.

**3.**  A complaint filed by a *pro se* plaintiff must be liberally construed by the court.  See *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Youse v. Carlucci*, 867 F.Supp. 317, 318 (E.D.Pa.1994).

As will be demonstrated below, plaintiff does not satisfy the above standard. I find that plaintiff has failed to demonstrate any facts sufficient to show an infringement of his constitutional rights. Plaintiff's § 1983 claim therefore cannot proceed, and it must be dismissed accordingly.

### A. Standard for § 1983 Claim

■ Section 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress". 42 U.S.C. § 1983. In order to bring a successful § 1983 claim, plaintiff must demonstrate that (1) the act was performed by a person acting under color of state law and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or federal law. See *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981); *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir.1994); *Carter v. City of Philadelphia*, 989 F.2d 117, 119 (3d Cir.1993). It is the second requirement that is in dispute here.

### B. Oral Promise to Grant Parole

Plaintiff argues that his constitutional rights were infringed upon by the hearing examiner's promise to grant parole (which created "an expectation") and the subsequent denial of parole by PBPP.

■ The 14th amendment of the U.S. Constitution provides that an individual should not be deprived of his or her liberty interest without due process of law. See U.S. Const. amend. XIV, § 1. However, the 14th amendment does not provide that every prisoner has a right to be paroled, or that *any* expectation of parole is a constitutionally protected liberty interest. See *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); see also *Board of Pardons v. Allen*, 482 U.S. 369, 373, 107 S.Ct. 2415, 2418, 96 L.Ed.2d 303 (1987) (presence of parole system alone is not enough to create constitutionally protected liberty interest in parole).

Rather than providing general due process protections for all prisoners in all parole disputes, the 14th amendment provides limited protection in certain discrete situations. For example, the 14th amendment ensures that parole decisions will not be unduly arbitrary or based on impermissible factors. See *Williams v. Frame*, 821 F.Supp. 1093, 1097 (E.D.Pa.1993); *Jackson v. Walters*, 733 F.Supp. 33, 34 (W.D.Pa.1989), *aff'd* 899 F.2d 1217 (1990). Similarly, the 14th amendment will safeguard any reasonable expectation of parole that a state statute might provide. See *Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995) ("states may under certain circumstances create liberty interests which are protected by the Due Process Clause"); *McCrery v. Mark*, 823 F.Supp. 288, 293–94 (E.D.Pa.1993) (state statute can create liberty interest in parole). Although plaintiff's claim does not include any allegations of arbitrariness (thus making the first exception inapplicable to the present case), plaintiff may find relief if state law provides a basis for his claim. *Id.*

Unfortunately for plaintiff, the Pennsylvania Probation and Parole Act does not afford plaintiff any relief. Under the statute, the PBPP has broad discretion in making parole decisions, and can grant parole "whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby". *Pennsylvania Probation and Parole Act*, 61 Pa.Stat.Ann. § 331.21 (1989); see also *U.S. ex rel. Schiano v. Luther*, 954 F.2d 910, 916 (3d Cir.1992). The PBPP makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted. See *Tubbs v. Pennsylvania Bd. of Probation and Parole*, 152 Pa.Commw. 627, 630, 620 A.2d 584, 586 (1993), *appeal denied* 536 Pa.Super. 635, 637 A.2d 295 (1993); *Com-*

*monwealth v. Button*, 332 Pa.Super. 239, 247–48, 481 A.2d 342, 346 (1984).

■ Thus, under Pennsylvania law, the granting of parole is not a constitutionally protected liberty interest. See e.g. *McCrery v. Mark*, 823 F.Supp. 288, 293–94 (E.D.Pa. 1993) ("the Pennsylvania Probation and Parole Act [cite] cannot be said to create an expectation of parole"); *Tubbs v. Pennsylvania Bd. of Probation and Parole*, 152 Pa. Commw. at 630, 620 A.2d at 586 ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term"); *Reider v. Comm., Bd. of Probation and Parole*, 100 Pa.Commw. 333, 342–43, 514 A.2d 967, 971 (1986) (same).

■ It is important to recognize that the issue in this case is whether *at a preliminary interview* for a parole decision, certain off-hand comments made by a parole official served to vest the plaintiff with certain due process rights which were subsequently infringed upon by an official decision to deny parole. Such a scenario is clearly distinguishable from cases in which parole is *actually granted at a final parole hearing*, and then is either rescinded or revoked. If plaintiff had been officially granted parole, and then had his parole rescinded, plaintiff would have some minimal due process protections under Pennsylvania law. See e.g. *Tippins v. Luther*, 869 F.Supp. 331, 337–38 (W.D.Pa. 1994) (due process guarantee of a timely hearing). If plaintiff had actually been released on parole and then had his parole revoked, plaintiff would have a legitimate liberty interest in parole with significant due process protections. See *Morrissey v. Brewer*, 408 U.S. 471, 484–89, 92 S.Ct. 2593, 2601–04, 33 L.Ed.2d 484 (1972) (enumerating due process protections for parolees at revocation hearings, including notice, timely hearing, right to present witnesses, right to confront evidence and adverse witnesses, etc.). However, the case at bar does not invoke the due process protections of either the rescission or revocation scenarios.

In summary, neither the Federal Constitution nor state law provides plaintiff with any grounds for relief for his first claim. Plaintiff's § 1983 must be dismissed accordingly.[4]

### III. MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1)

■ Rule 12(b)(1) permits the court to dismiss an action for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(1). Defendants move to dismiss plaintiff's second claim on 12(b)(1) grounds, claiming that this court lacks jurisdiction to consider it.

Plaintiff's second claim is based on the allegation that PBPP, in denying him parole, failed to inform him of his right to appeal its decision. Plaintiff also argues that, by not creating or maintaining an appeal system, defendants violated the Pennsylvania Constitution's provision that ensures a right to appeal a decision of an administrative agency. See Complaint, § IV, ¶ 1, 3 (basing claim on "Pennsylvania Constitution Article 5 § 9 Right of Appeal"). In his complaint, plaintiff does not indicate the intended meaning of the terms "appeal" and "appeal system". It is unclear whether plaintiff is referring to an administrative appeals system (for example, a higher level parole board reviewing the decisions of the PBPP), or a judicial appeals system (in other words, an immediate appeal to the courts rather than an appeal within the administrative system). I therefore will discuss plaintiff's claim under both interpretations.

If plaintiff is referring to *administrative* review procedures, Pennsylvania law does not support his claim. Under Pennsylvania law, all decisions made by PBPP to deny parole are submitted to a Pardon Board for review. Upon review, the Pardon Board has the authority to overturn a decision to deny parole, and can order immediate parole when it deems appropriate. See *Pennsylvania Probation and Parole Act*, 61 Pa.Stat.Ann. § 331.21 (1989). The decision of the Pardon Board is final; under Pennsylvania law, a prisoner does not have the right to adminis-

---

**4.** Defendants do not raise the issue of immunity. I note, however, that PBPP has been granted immunity in previous suits challenging denial of parole. See e.g. *Shain v. Comm., Pennsylvania Bd. of Probation and Parole*, 126 Pa.Commw. 108, 111, 558 A.2d 630, 631 (1989).

tratively appeal its determination. See *Pennsylvania Administrative Agency Law,* 2 Pa.Cons.Stat. §§ 101, 505–508, 701–704 (1978).

Therefore, if plaintiff is arguing that he has been denied to the right to an administrative appeal, his claim fails under Pennsylvania law.

If plaintiff is referring to his right to *judicial review,* this claim fails as well. Pennsylvania law clearly provides that a denial of a parole application by PBPP is not subject to judicial review. See *Johnson v. Comm., Pennsylvania Bd. of Probation and Parole,* 110 Pa.Commw. 142, 149, 532 A.2d 50, 53–54 (1987); *King v. Comm., Pennsylvania Bd. of Probation and Parole,* 111 Pa.Commw. 392, 394, 398, 534 A.2d 150, 151, 153 (1987); *Reider v. Comm., Pennsylvania Bd. of Probation and Parole,* 100 Pa.Commw. 333, 339–41, 514 A.2d 967, 970–71 (1986). Therefore, there is no basis for relief under the second interpretation of plaintiff's claim either.

Finally, I note that, because plaintiff has not presented a viable federal claim under § 1983, plaintiff's second claim can be dismissed for lack of jurisdiction. Plaintiff's second claim is a state law claim based on the Pennsylvania Constitution, and thus does not present an independent federal question.[5] This court is not bound to entertain such claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction"); Fed. R.Civ.P. 12(b)(1).

I therefore dismiss plaintiff's second claim on both state law and jurisdictional grounds.

## IV. CONCLUSION

Plaintiff's first claim is dismissed due to failure to satisfy the requirements for a § 1983 claim. Plaintiff's second claim is dismissed due to Pennsylvania law and lack of jurisdiction. I therefore order the following:

### ORDER

**AND NOW,** this 26th day of February, 1996, for the reasons stated in the Memorandum accompanying this Order, **IT IS ORDERED** that defendants' Motion to Dismiss is **GRANTED.**

---

5. Plaintiff attempts to frame the second claim as a § 1983 action, arguing that, by violating the Pennsylvania Constitution, the defendants infringed upon his 14th amendment rights. There is no general 14th amendment right to an appeal, however. See e.g. *Ross v. Moffitt,* 417 U.S. 600, 611, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974) ("it is clear that the State need not provide any appeal at all"); *Ortwein v. Schwab,* 410 U.S. 656, 660, 93 S.Ct. 1172, 1175, 35 L.Ed.2d 572 (1973) ("This Court has long recognized that, even in criminal cases, due process does not require a state to provide an appellate system"); *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956) (same); *Mitchell v. Zimmer-* man, 582 F.Supp. 186, 187 (E.D.Pa.1984) ("A convicted state defendant has no constitutional right to appeal, but once the state does provide that right the appeal process must comport with the Fourteenth Amendment's guarantee of due process"); *United States ex rel. Hankins v. Wicker,* 582 F.Supp. 180, 183 (W.D.Pa.1984) (same). As I have already demonstrated, Pennsylvania law does not guarantee the right to appeal a parole decision. Therefore, plaintiff's 14th amendment rights are not implicated by the lack of an appeals system, and standing alone, the second claim does not provide a sufficient basis for a § 1983 action.