**Donald K. SHAFFER, Petitioner**

v.

**Robert MEYERS, Attorney General of the State of Pennsylvania, Respondent**

No. Civ.A. 3:03–0829.

United States District Court, M.D. Pennsylvania.

Oct. 7, 2004.

Donald K. Shaffer, Jr., Bellefonte, PA, pro se.

Lisa W. Basial, Harrisburg, PA, for Respondent.

Attorney General of the State of Pennsylvania, Office of Attorney General, Harrisburg, PA, pro se.

## MEMORANDUM AND ORDER

MANNION, United States Magistrate Judge.

The petitioner, an inmate incarcerated at the Pennsylvania State Correctional Institution at Rockview ("SCI–Rockview"), Bellefonte, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus on May 20, 2003, pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The petitioner alleges that the Pennsylvania Board of Probation and Parole ("Parole Board") changed its policies and procedures in 1996 in such a way as to apply unconstitutionally stringent standards for granting parole. He claims that these changes violate the *ex post facto* clause of the United States Constitution.

The petitioner ("Shaffer") applied to proceed *in forma pauperis*, which was granted, and a show cause order was issued on June 5, 2003. (Doc. Nos.3, 7). The respondent filed a motion to stay the proceedings pending review of the judgments in *Hollawell v. Gillis*, 65 Fed.Appx. 809 (3d Cir.2003) and *Mickens–Thomas v. Vaughn*, 321 F.3d 374 (3d Cir.2003). That motion was granted by order dated September 4, 2003. (Doc. Nos.11, 15). The stay was lifted and the matter reopened on May 11, 2004. (Doc. Nos.23, 26). A response to the petition and supporting documentation were filed on June 4, 2004. (Doc. Nos.29, 30, 31). The petitioner filed a reply on June 17, 2004. (Doc. No. 34). Further, on July 28, 2004, the petitioner

informed the court that on July 19, 2004, he was again denied parole. (Doc. No. 38). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 cases, 28 U.S.C. foll. § 2254.

## I. BACKGROUND

In 1990 the petitioner was convicted on two charges of rape, and sentenced to 10 to 20 years incarceration. His minimum sentence was served as of September 13, 2000, and his maximum sentence is due to expire on September 13, 2010. (Doc. No. 31, Declaration of Benjamin A. Martinez, Chairman, Pennsylvania Board of Probation and Parole ("Martinez Decl."), ¶ 23). The Parole Board interviewed the petitioner for parole consideration on three occasions: June 2000, June 2003 and June 2004. Before each interview the petitioner was advised by Department of Corrections staff who evaluated him that they were recommending that he not be granted parole due to, among other things, his refusal to participate in a sex offender program. (Martinez Decl. ¶ 26).

■ The petitioner maintains that the Parole Board violated the *ex post facto* clause in his case because:

> . . . [P]etitioner has a constitutional expectation as well as a constitutional right and guarantee that [h]is parole determinations would be evaluated and rendered under the laws, custom, standard and practice in effect when [h]e was convicted . . .

(Doc. No. 2, Memorandum in Support of Petition for Writ of Habeas Corpus, p. 2). Citing *Mickens–Thomas v. Vaughn,* 321 F.3d 374 (3d Cir.), cert. denied sub. nom. *Gillis v. Hollawell,* —— U.S. ——, 124 S.Ct. 229, 157 L.Ed.2d 136 (2003), the petitioner argues that the effects of the unconstitutional application of the 1996 amendments to the parole guidelines, in his particular case, has mandated an increase in his punishment which violates the *ex post facto* clause. Specifically, the petitioner claims that he is being denied parole solely on the basis of his refusal to participate in a sex offender program. He maintains that because participation in the sex offender program is "a hardship" and "Inmates have and continue to be in after 5–9 years with no completion because no completion exists in this program," required participation in the program, to qualify for parole, constitutes an increase in his punishment. (Doc. No. 34, p. 3).[1]

The respondents reply that the petition should be denied: (1) Because no violation of the *ex post facto* clause occurred, and (2) Because the Parole Board acted entirely within its discretion in denying parole on the basis of the petitioner's refusal to participate in a sex offender program.

## II. DISCUSSION

■ Article I, Section 9, Clause 3 of the United States Constitution prevents Congress from passing *ex post facto* laws. In order to constitute a violation of the *ex post facto* clause the new law must be one that punishes as a crime an act previously committed which was innocent when done;

---

1. The petitioner also speaks of a violation of the Equal Protection Clause of the United States Constitution. He claims other inmates with similar backgrounds have been granted parole, and he is arbitrarily and capriciously being treated differently from those inmates. The petitioner has set forth no facts in support of this assertion. While this court is required to liberally construe a *pro se* petitioner's pleadings, it need not credit a petitioner's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902 (3d Cir.1997); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, this claim will not be considered by the court.

or makes more burdensome the punishment for a crime after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed. *Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Therefore, to offend the *ex post facto* clause in this case, the Commission parole guidelines must somehow increase Shaffer's punishment, either actually or potentially. *See Coady v. Vaughn*, 251 F.3d 480 (3d Cir.2001).

■ The petitioner has not shown a violation of the *ex post facto* clause, by virtue of the application of the Parole Board procedures, in his case. The application of the parole guidelines in Shaffer's case has not increased his punishment, either actually or potentially. Shaffer was sentenced to a maximum term of 20 years. His maximum term will not expire until September 13, 2010. His term of incarceration has not been increased by any action of the Parole Board.

The petitioner's reliance on *Mickens–Thomas* is misplaced. In that case an inmate whose sentence had been commuted by the Governor of Pennsylvania from a life sentence without parole, to one with the possibility of parole, was nevertheless denied parole repeatedly by the Parole Board. Under the particular facts of that case the Third Circuit Court of Appeals held that the negative impact of changes in the Parole Board's application of its amendments to parole laws did violate the *ex post facto* clause in *Mickens–Thomas* case because the Parole Board was applying a much harsher standard in denying parole than would have existed at the time of the inmate's conviction. *Mickens–Thomas*, 321 F.3d at 392.

Unlike the inmate in *Mickens–Thomas*, Shaffer has been denied parole on three occasions, not because a more stringent standard in evaluating parole has been applied in his case, but because of his repeated refusal to participate in a rehabilitative prison program.

There is no merit to the petitioner's claim that his punishment has been unlawfully increased by virtue of the Parole Board's decision to decline to grant parole on the basis of the petitioner's refusal to participate in a sex offender program. The most recent decision denying parole, dated July 19, 2004, in pertinent part, states:

... The Board of Probation and Parole, in its discretion, has determined at this time that: your best interests do not justify or require you being paroled ... [A]nd the interests of the Commonwealth will be injured if you were paroled ... [T]herefore, you are refused parole ... at this time. The reasons for the Board's decision include the following:

-The recommendation made by the Department of Corrections.

-Your need to participate in and complete additional institutional programs.

-Your failure to participate in a DOC program of counseling or therapy designed for incarcerated sex offenders as required by 42 Pa.C.S.A. § 9718.1

...

-Whether you have successfully completed a treatment program for: substance abuse.

-Whether you have received a favorable recommendation for parole from the Department of Corrections.

-Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive programs.

(Doc. No. 38, Attachment).

In *McKune v. Lile*, 536 U.S. 24, 38, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002), the

United States Supreme Court held that required participation in a sex offender program does not constitute an extension of a term of incarceration. This is because a prison sex offender rehabilitation program, which is acknowledged to bear a rational relation to legitimate penological objectives, does not constitute atypical or significant hardship to an inmate in comparison to the ordinary incidents of prison life. Furthermore, the petitioner's refusal to participate in the program does not automatically deprive him of parole; it is one of several factors the Board of Parole considers, and is merely influential in the determination. (*See* Doc. No. 31, Martinez Decl., ¶ 4).

Additionally, the reasons for the denial of parole in the petitioner's case, as set forth by the Parole Board, are not outside the Board's discretion, which is very broad. ("... parole is a favor which lies solely within the Board's discretion.") *Bonilla v. Vaughn*, 1998 WL 480833, at \*5 (E.D.Pa.)(citing *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766 (Pa.Commw.1997)); *See also Rogers v. Pa. Bd. of Prob. & Parole*, 555 Pa. 285, 289, 724 A.2d 319 (1999)("parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence.") On the basis of the record before the court, and the stated reasons for the Parole Board's denial of parole, the court concludes that there was a rational basis for the denial of parole.

Finally, it is well established that there is no constitutionally created liberty interest in parole. *See, e.g., Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)("There is no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence."). While states may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, the Pennsylvania Supreme Court has held that "a denial of parole does not implicate a constitutionally protected liberty interest." *Coady v. Vaughn*, 564 Pa. 604, 770 A.2d 287 (2001); *See also Sandin v. Conner*, 515 U.S. 472, 483–4, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). An inmate is not entitled to parole; he is entitled only to consideration for parole. *Rodgers v. Parole Agent Sci–Frackville*, 916 F.Supp. 474, 476 (E.D.Pa.1996)("[T]he 14[th] amendment does not provide that every prisoner has a right to be paroled, or that *any* expectation of parole is a constitutionally protected liberty interest.")(emphasis in original).

In summary, there was no unfair application of amendments to parole laws in the petitioner's case. As a result, no violation of the *ex post facto* clause occurred.

In light of the foregoing, **IT IS HEREBY ORDERED THAT** the Petition for Habeas Corpus (Doc. No. 1) is **DENIED**.