OPINION OF THE COURT
Martin I. Kaminsky, J.
Before the court is an application by the People to make *348 changes (of both ministerial and substantive nature) in the transcript of proceedings in this matter, after the court has already rendered its decision, raising issues as to the procedure followed for that purpose.
The charge in this case was dismissed by the court in the interest of justice after proceedings before the court on July 11, 2013 (see opinion and order of July 24, 2013). Those proceedings and proceedings in another case referred to in the court’s opinion were taken in the ordinary course by a certified court reporter. The court reporter then prepared and issued a transcript of the proceedings which he “certified to be an accurate transcript” (tr at 16).
After receiving and reviewing the transcript, the court issued an opinion and order on July 24, 2013. Thereafter, counsel for the People sent a letter dated July 26, 2013 to the court reporter (noting copies to the court and defendant), stating that the transcript “contains certain errors that should be corrected” and listing changes that the People seek in the transcript. Some of the purported changes are ministerial (e.g. spelling of names, etc.); others are substantive.
After receiving the People’s letter, the court advised the parties on July 30, 2013 that “[t]he People do not appear to have followed required procedure” and referred them to section 5525 (c) of the Civil Practice Law and Rules and applicable case law (letter of July 30, 2013). The court reminded them that “[t]he Reporter’s notes control,” that “the Reporter’s certification at the end of the prepared transcript is a representation that it has been prepared from and consistent with those notes,” and that, therefore, “as a general proposition: nothing should be added which is not in the Reporter’s notes; and nothing inconsistent with those notes should be deleted or changed.”[1] (Id.) The court explained that the parties can agree to corrections of errors in the transcript (e.g. misspellings, misheard words, etc.); but that no party is required to agree to a proposed correction (id.). Absent agreement by both parties, a correction suggested by one of them should be presented to the court for it to resolve the matter (id.). Finally, “if there is any alteration of the transcript, the original version and notes should be preserved, *349 so that the alteration can be traced and reviewed if and as necessary or appropriate.” (Id.)
Thereafter, on July 30, 2013, counsel for the People wrote a second letter to the court reporter (noting copies to the court and defendant) again requesting some of the changes originally sought in People’s July 26 letter.
The court has not heard from defendant as to any of the foregoing.
The parties have the right to appeal a final decision of the court with which they disagree. Where there is a transcript of the proceedings resulting in the order from which an appeal is taken, the transcript of those proceedings is an important part of the appeal. A transcript should accurately reflect the proceedings; and the court system engages experienced and capable court reporters (such as the one involved here) for that purpose. With that in mind, court reporters are certified to perform the task of transcribing court proceedings; and the court reporter is required to “certify” (as here) the accuracy of the transcript prepared from his/her contemporaneous notes.
The law provides a procedure to be followed by a party seeking corrections in a transcript. This is not a criminal case. Rather this case involved a potential violation of a village ordinance which does not carry the type of potential penalties necessary for the case to be classified as a criminal case. (People v Kleber, 168 Misc 2d 824, 828-831 [1996].) Accordingly, the correct manner to “settle” (i.e., finalize) the transcript in a case such as this is prescribed in CPLR 5525 (c).[2]
If there is any uncertainty or disagreement as to the appropriate contents of the transcript, it is for the court to settle the transcript, which will then represent the official record of the proceedings involved. (Kraemer v Gallagher, 21 AD2d 682, 682 [1964] [the trial judge “is the one who in the first instance is required to settle the transcript to be used upon an appeal, and to decide any controversy with respect to such transcript”]; Matter of Bonnie RR., 141 AD2d 931, 932 [1988] [“the trial court has the responsibility for settling the trial transcript and deciding any controversies between the parties with respect thereto”].) Further, the certified transcript is “conclusive” unless shown to be the result of a “clear showing of abuse of *350 power.” (Bonnie RR. at 932; 4 NY Jur 2d, Appellate Review § 334 [same]; see also People v Nicholson, 209 AD2d 1019, 1019 [1994] [dismissing purported appeal as to a transcript on the ground that “the court’s order is not appealable”]; Kraemer.)
The People did not follow CPLR 5525 (c) in seeking to change the transcript here. It is not sufficient for one party to write directly to the court reporter simply directing changes of one side’s choosing, with a copy to the other party. That is particularly so where the defendant is a non-lawyer appearing pro se and (as here) the letter purporting to direct changes does not explain the process being followed, the defendant’s rights as to them and why changes are sought. The court is not satisfied, on this record, that defendant is aware of or fully understands his rights on this matter, or the appropriate procedure to be followed, or the potential significance and effect of what the People are proposing. For example, the People are proposing changes and adding substantive remarks which the People might attempt to use on an appeal seeking to reverse the court’s dismissal of the case in the interest of justice — directly affecting the defendant’s rights.
The foregoing is of further concern since the proposed changes and additions are requested after the court has already rendered a decision on the basis of the transcript certified by the court reporter. The right to appeal does not carry with it a right to change the transcript in a way that may present an inaccurate record of the proceedings or alter the record to assist one’s argument on appeal. The court does not suggest that such is the intent of the People here; but, their mode of proceeding may unfortunately be susceptible to misunderstanding in that regard.
Based on the foregoing, the court finds the People’s letters to be insufficient and ineffective to cause changes in the transcript and rejects those proposed changes. Further, in light of the foregoing prior history and the fact that the defendant is a layperson appearing pro se, any further proceedings as to the transcript and proposed changes should be submitted to the court (with appropriate notice to the defendant), which will determine any issues as to them. If the court finds it difficult to do so on papers alone, then (borrowing from criminal procedure) the court may hold a hearing on such matters. (See e.g. People v Mitchell, 189 AD2d 337, 338-339 [1993], lv dismissed 81 NY2d 1065 [1993], rearg denied 82 NY2d 750 [1993].)

. The court also noted that it had “rendered its Opinion and Order of July 22, 2013” after having gotten and read the “transcript that was prepared from the Reporter’s contemporaneous notes, without any of the changes now proposed or (to the Court’s knowledge) any other changes from those notes” (id.).

. The People say that they have followed the appropriate procedure for settling the transcript. However, they have submitted no demonstration of that, much less a showing that they followed CPLR 5525 (c).